IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-13-42-GF-BMM-01 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| TONY RAY MANYGUNS, | |
| Defendant. | |

## I. Synopsis

Mr. Manyguns was accused of violating his conditions of supervised release by failing to notify his probation officer prior to quitting his job and consuming alcohol. Mr. Manyguns's supervised release should be revoked. He should be sentenced to 12 months and one day of custody, with no supervised release to follow.

## II. Status

In July 2013, Mr. Manyguns pleaded guilty to Assault Resulting in Serious Bodily Injury. (Doc. 29.) Chief United States District Court Judge Dana L. Christensen sentenced Mr. Manyguns to 30 months in custody and three years of supervised release. (Doc. 35.)

On January 6, 2015, Mr. Manyguns arrived at the Great Falls Pre-Release

Residential Reentry Center.  On April 13, 2015, Mr. Manyguns escaped from the Center.  (Doc. 39.)  Mr. Manyguns eventually returned to the custody of the Bureau of Prisons.  He began his current term of supervised release on September 23, 2015.  (Doc. 40.)

**Petition**

On October 7, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Manyguns's supervised release.  (Doc. 40.)  Based on the petition, the undersigned issued a warrant for Mr. Manyguns's arrest.  (Doc. 41.)  The Probation Office accused Mr. Manyguns of violating Standard Condition 6 of his supervised release by failing to notify his probation officer prior to a change in employment.  The Probation Office accused Mr. Manyguns of violating Special Condition 2 of his supervised release by consuming alcohol.  (Doc. 40.)

**Initial appearance**

Mr. Manyguns appeared before the undersigned on October 8, 2015, in Great Falls, Montana, for an initial appearance.  Federal Defender Henry Branom accompanied him at the initial appearance.  Assistant United States Attorney Bryan Dake represented the United States.

Mr. Manyguns said he had read the petition and understood the allegations. Mr. Manyguns waived the preliminary hearing, and the parties consented to

proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On October 8, 2015, Mr. Manyguns appeared with Mr. Branom before the undersigned for a revocation hearing. Mr. Dake appeared on behalf of the United States. Mr. Manyguns admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Manyguns's supervised release.

Mr. Manyguns's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

The parties jointly recommended a sentence of 12 months and one day of custody, with no supervised release. The parties argued Mr. Manyguns is a poor candidate for continued supervision. United States Probation Officer Tom Kelly testified that he agreed with the parties' recommendation. Mr. Manyguns requested that he be placed at the Federal Correctional Institution in Herlong, California.

## III. Analysis

Mr. Manyguns's supervised release should be revoked because he admitted violating its conditions. Pursuant to the parties' joint recommendation, Mr. Manyguns should be sentenced to 12 months and one day of custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary. Based on Mr. Manyguns's apparent inability or unwillingness to be supervised, continued supervision is not appropriate and would not be an appropriate use of resources.

## IV. Conclusion

Mr. Manyguns was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Manyguns's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Manyguns's supervised release and what, if any, sanction to impose. The Court **FINDS:**

> 1. Tony Ray Manyguns violated Standard Condition 6 of his supervised release by quitting his job without permission after September 25, 2015.
>
> 2. Tony Ray Manyguns violated Special Condition 2 of his supervised release by consuming alcohol on October 5, 2015.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Manyguns's supervised release and committing Mr. Manyguns to the custody of the United States Bureau of Prisons for 12 months and one day, with a recommendation he be placed at the Federal Correctional Institution in Herlong, California. He should not be sentenced to continued supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 13th day of October, 2015.

John Johnston
United States Magistrate Judge